IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDY MCMAHON,

                       Plaintiff,                  Case No. 3:07 cv 2018

    -vs-

                                                       <u>MEMORANDUM   OPINION</u>

ALTERNATIVE CLAIMS
SERVICE, INC., et al.,

                       Defendant.

KATZ, J.

This matter is before the Court on the plaintiff's motion to remand to state court (Doc. 9). For the following reasons, that motion is denied.

**I. Background**

Plaintiff Andy McMahon and Defendant Alternative Claims Services ("ACS") were parties to a license agreement entered into on April 19, 2002. The license agreement provided that McMahon would supply independent claims adjusting services for ACS in a certain geographical area. The parties worked under this License Agreement until McMahon submitted a 30-day notice of termination, which became effective on March 21, 2007.

On May 30, 2007, McMahon filed a complaint against ACS and its President, Gary Hoffman, (collectively "Defendants"), in the Court of Common Pleas for Van Wert County, Ohio. In his complaint, McMahon alleges that Defendants breached their contract with him by failing to compensate him for billing expenses; by failing to reimburse him for the return of the licenses; and by telling him he was no longer part of the company.

The complaint also asserts a claim for intentional infliction of emotional distress and

associated damages, alleging, in part, that "as a direct and proximate result of Defendants' outrageous and/or extreme conduct, Andy McMahon did suffer serious emotional distress, medical conditions and damages and will continue to be damaged."  Complaint at ¶ 40.

McMahon's prayer for relief indicates that he seeks "an amount in excess of Fifty Thousand and 00/00 Dollars ($50,000.00); plus punitive damages on those claims for relief entitling Plaintiff to punitive damages in such amounts as are just and proper; plus prejudgment interest, post-judgment interest, reasonable attorneys fees, costs and expenses together with any such other relief that this Court deems just and proper."  Plaintiff's Complaint, Prayer for Relief, Doc. 1.

On July 5, 2007, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 and subsequently filed an answer and counterclaim seeking breach of contract damages in an amount not less than $50,000.  In August of 2007, McMahon filed a motion to remand for lack of diversity jurisdiction due to an insufficient amount in controversy.[1]  Defendants now oppose Plaintiff's motion, arguing that: 1) the amount sought in Defendants' counterclaim establishes the jurisdictional threshold when aggregated with the amount sought by Plaintiff's complaint; and 2) the actual amount in controversy under Plaintiff's complaint likely exceeds the $75,000 jurisdictional threshold of 28 U.S.C. § 1332 despite Plaintiff's averments to the contrary.

**II. Standard for removal**

Once a defendant removes a case from state to federal court, the plaintiff may challenge the removal, prompting the removing defendant to establish that the case is proper for removal as follows:

---

[1] Both Plaintiff's complaint and his subsequent affidavit submitted to this Court with his motion specifically allege the amount in controversy to be less than $75,000.  Complaint at ¶ 5; McMahon Aff. at 1.

> [A] civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). A federal district court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C. 1332(a).

*Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). The burden is generally on the removing party:

> The removing party carries the burden of showing that removal is proper. *See Pullman v. Jenkins,* 305 U.S. 534, 540, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *Her Majesty the Queen v. City of Detroit,* 874 F.2d 332, 339 (6th Cir.1989). Any doubt as to whether the removal is proper should be resolved in favor of remand to state court. *See* 28 U.S.C. § 1447(c); *see also Union Planters Nat'l Bank v. CBS, Inc.,* 557 F.2d 84, 89 (6th Cir.1977).

*Lewis v. Exxon Mobil Corp.*, 248 F. Supp.2d 932,933 (W.D. Tenn. 2004).

**III. Discussion**

In this case, the parties have stipulated to diversity of citizenship; therefore, the only issue relevant to whether the diversity requirements of § 1332 have been met is whether the amount in controversy exceeds $75,000. Because Plaintiff's complaint clearly specifies that he does not seek damages in excess of $75,000, Defendants bear the burden of showing that the amount in controversy requirement has been met. Defendants seek to do this in two ways: 1) by aggregating the amount of their counter-claims with Plaintiff's prayer for relief, and 2) by showing that Plaintiff's demand for relief actually exceeds $75,000.

    1. **Aggregation of Claims**

Regarding the aggregation of claims, a court in this District has endorsed the majority view that a "court should not consider the value of a defendant's compulsory counterclaim in determining the amount in controversy for removal jurisdiction." *Firestone Financial Corp. v. Syal*, 327 F. Supp. 2d 809, 810-811 (2004). *See e.g. FLEXcon Co. v. Ramirez Commercial Arts,*

3

*Inc.,* 190 F.Supp.2d 185, 186-87 (D.Mass.2002); *Maloan v. Bancorpsouth Bank, Inc.,* 2002 WL 1397266, at *2 (D.Tenn. March 29, 2002); *Kaplan v. Computer Sciences Corp.,* 148 F.Supp.2d 318, 320-21 (D.N.Y.2001); *Independent Mach. Co. v. International Tray Pads & Packaging, Inc.,* 991 F.Supp. 687, 691-93 (D.N.J.1998); 14B WRIGHT & MILLER, *Federal Practice and Procedure* §§ 3706 and 3725. Furthermore, despite the lack of an opinion exactly on point, this view appears consistent with Sixth Circuit precedent, which has "consistently held that the amount in controversy for federal diversity jurisdiction purposes is determined as of the time the action is commenced." *Firestone Financial Corp.*, 327 F. Supp. 2d at 811 (citing *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir. 1990); *Sellers v. O'Connell*, 701 F.2d 575, 578 (6th Cir. 1983); *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)). Accordingly, this Court must disregard the value of Defendants' Counterclaim in deciding whether the jurisdictional threshold has been met,[2] making it necessary to reach Defendants' second argument.

2. **Plaintiff's Demand**

Generally, the sum claimed in a plaintiff's complaint is treated as controlling for the purposes of establishing diversity jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S 283, 288, 58 S.Ct. 586, 590 (1938). A necessary corollary is that "a claim specifically less than the federal requirement [presumptively] preclude[s] removal." *Rogers*, 230 F.3d at 871. At the same time, however, it is well settled that a removing defendant may overcome this presumption by establishing that it is "more likely than not" that the plaintiff's claims meet the

---

[2] Incidentally, even though it basically restates paragraph five of his complaint, Plaintiff's affidavit that stipulates to damages totaling "less than $75,000 … irrespective of punitive damages" was filed after commencement of the action, and it too must be disregarded. McMahon Aff. 1.

4

amount in controversy requirement despite the amount specifically prayed for falling below the jurisdictional limits. *Id.* (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). In this case, Defendants advance two separate but interrelated arguments for the proposition that Plaintiff's complaint seeks damages in excess of the jurisdictional threshold. First, Defendants argue that under the Ohio Rules of Civil Procedure, Plaintiff may be entitled to more relief than he specifically requests, potentially allowing an ultimate recovery in excess of the complaint's $50,000 compensatory damage prayer. Second, Defendants argue that Plaintiff's demand for an indeterminate amount of punitive damages pushes his claims over the $75,000 threshold.

While each of these arguments seems to provide a distinct basis for a court to determine whether a complaint exceeds the jurisdictional threshold, the case law suggests that prior decisions have combined the two issues into a single analysis under which the court first looks to the rules of civil procedure to determine whether a plaintiff is entitled to damages beyond amounts specifically plead. If the plaintiff may recover additional amounts, then rather than attempting to revalue the claims included in the complaint's damage averment, the court attempts to value claims that have been specifically excluded from the requested relief. *See, e.g.*, *Lewis*, 348 F.Supp.2d at 933-34 (W.D. Tenn. 2004). In this case, the Court must initially determine whether Plaintiff is entitled to recovery beyond amounts specifically pled, and then, whether additional claims in the complaint justify a finding that the jurisdictional threshold has been satisfied.

### a. Plaintiff is entitled to damages beyond those specifically plead

5

As noted by the Sixth Circuit in *Rogers*, 230 F. 3d at 871, "[s]tate counterparts to Fed. R. Civ. P. 54(c)[3] might enable a plaintiff to claim in her complaint an amount lower than the federal amount in controversy but nevertheless seek and recover damages exceeding the amount prayed for."  The *Rogers* court suggested the existence of such a counterpart in Tenn. R. Civ. P. 54.03, *id.*, a notion that was later applied by the Western District of Tennessee in *Lewis*, supra.

*Lewis* involved a class action lawsuit based on breach of warranty and negligence, with the complaint specifically providing: "'neither Plaintiff nor any class member asserts a claim in excess of $75,000, exclusive of interests and costs.'"  *Id.* at 933.  At the same time, however, the complaint also sought "'judgment to be determined by a jury for all incidental, consequential, compensatory and punitive damages….'"  *Id.*  The court found the plaintiff's damage disclaimer ineffective because it failed to take into account the incidental, consequential, compensatory and punitive damages that the plaintiff's complaint expressed a desire to have determined by a jury.  In light of Tenn. R. Civ. P. 54.03, the court held that the amount in controversy more likely than not exceeded the amount plaintiffs actually plead, justifying the exercise of federal jurisdiction.  *Id.* at 934.

As Defendant points out, Ohio also has an analog to Fed. R. Civ. P. 54(c) in the form of Ohio Civ. R. Rule 54(c).  Additionally, Plaintiff's complaint, like that in *Lewis*, clearly seeks punitive damages beyond the amount specifically plead.  Accordingly, this Court must decide

---

[3] Fed. R. Civ. P. 54(c) provides:
> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

whether the total amount of damages sought by Plaintiff's complaint meets the jurisdictional threshold.

### b. **Punitive damages request meets jurisdictional threshold**

A court in this District addressed a similar issue in *T & W Forge v. V & L Tool, Inc.*, 2005 WL 2739321 (N.D. Ohio 2005), wherein the plaintiff demanded that the case be remanded to state court for lack of diversity jurisdiction where the complaint sought "$32,491.52 in compensatory damages, plus punitive or exemplary damages 'to be determined by a jury.'" *Id.* In analyzing the plaintiff's prayer for relief, the court noted:

> This merely begs the question of whether the punitive or exemplary damages "to be determined by a jury" might exceed $42,508.48. *See Lewis v. Exxon Mobil Corp.,* 348 F.Supp.2d 932, 933-34 (W.D.Tenn.2004) (finding that the jurisdictional threshold was met, in spite of an allegation in the complaint that "neither Plaintiff nor any class member asserts a claim in excess of $75,000," when the complaint demanded "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages"). Defendant is not required to prove that the plaintiff is actually entitled to punitive damages exceeding this amount to meet the preponderance or "more likely than not" standard. *Hayes,* 266 F.3d at 572. As long as "state law at least arguably permits the type of damages claimed, the amount in controversy requirement will be satisfied even if it is unlikely that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Kovacs v. Chesley,* 406 F.3d 393, 397 (6th Cir.2005).

*Id.* The court held that the amount in controversy exceeded $75,000 because punitive damages were arguably available for the fraud and conversion claims asserted and a punitive damage award of "$42,508.48— slightly more than 1.3 times the compensatory damage demand—[would] push the total amount in controversy above the jurisdictional threshold." *Id.*

In this case, the punitive damage multiple necessary to push Plaintiff's $50,000 compensatory request above the $75,000 threshold is far less than that involved in *T & W Forge*.

In fact, if punitive damages of only half of Plaintiff's compensatory damage request were awarded, the amount in controversy would exceed the $75,000 threshold. Accordingly, this Court need only decide whether punitive damages are arguably awardable under the circumstances of this case before exercising jurisdiction.

Here, Plaintiff is claiming damages for intentional infliction of emotional distress and breach of contract, each of which could result in punitive damage awards. Specifically, Ohio Revised Code § 2315.21 provides for awards of punitive damages stemming from tort claims not dissimilar to that asserted by Plaintiff. Furthermore, under Ohio law, a plaintiff may recover punitive damages for a breach of contract claim if the "breach of contract is accompanied by a connected, but independent tort involving fraud, malice or oppression." *Goldfarb v. The Robb Report, Inc.*, 101 Ohio App.3d 134, 140 (Ohio Ct. App. 1995).

Accordingly, this Court finds that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds § 1332's $75,000 jurisdictional threshold.

**IV. Conclusion**

For the reasons discussed herein, Plaintiff's motion to remand is hereby denied (Doc. 9).

IT IS SO ORDERED.

  S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE